**Douglas Fairbanks CLOSE, Plaintiff and Appellant,**

v.

**Allene Close ADAMS, Defendant and Respondent.**

**No. 18204.**

Supreme Court of Utah.

Jan. 21, 1983.

---

Lyle J. Barnes, Kaysville, for plaintiff and appellant.

Pete N. Vlahos, Ogden, for defendant and respondent.

**DURHAM, Justice:**

The appellant Douglas Fairbanks Close appeals from a judgment of the trial court which imposes a constructive trust on stock he held as a joint tenant with Edith Branscomb, now deceased. We reverse.

Edith Branscomb was the mother of the appellant and the respondent Allene Close Adams. In 1962, Edith Branscomb conveyed her home by warranty deed to herself and the respondent as joint tenants. In addition, Edith Branscomb transferred 740 shares of stock in Utah Power and Light Co. to herself and the appellant as joint tenants. On July 29, 1977, by quitclaim deed, Edith Branscomb conveyed her interest in the home to the appellant. Edith Branscomb passed away several months later.

The present case arises out of a dispute over ownership of the stock. On a prior appeal to this Court, we held that the appellant and the respondent owned the home equally as tenants in common. *See Close v. Adams,* Utah, No. 16630 (filed April 9, 1980) (unpublished). On remand, the dispute focused on the ownership of the stock. The respondent claimed a one-half interest in the appellant's stock based on the theory that the appellant held her one-half interest as a constructive trustee. In support of her constructive trust theory, the respondent claimed that Edith Branscomb was under the undue influence of the appellant.[1]

The trial court found that Edith Branscomb: (1) conveyed her property in 1962 to the appellant and the respondent in order to avoid probate, (2) intended to provide a fair distribution of the property between the appellant and the respondent, (3) "was free of undue influence of the family," and (4) in conveying her interest in the home to the appellant, intended that both the appellant and the respondent "share in the proceeds of the home and likewise share in the proceeds of the stock." Based on these findings, the trial court imposed a constructive trust and ordered the appellant to transfer one-half of the stock to the respondent.

On appeal, the appellant contends that the trial court erred by imposing a constructive trust on his stock. This Court has previously stated that a "constructive trust

---

1. The respondent also claimed that Edith Branscomb was incompetent in 1962 when she conveyed the stock to the appellant and in 1977 when she transferred her interest in the home to the appellant. The record is devoid of any evidence regarding Edith Branscomb's competency in 1962 and the trial court made no find-ing with respect thereto. The trial court did find, however, that Edith Branscomb was competent in 1977. In any event, the respondent's claims of incompetency are irrelevant to the imposition of a constructive trust on the appellant's stock.

is an equitable remedy to prevent *unjust enrichment.*" *In re Estate of Hock,* Utah, 655 P.2d 1111, 1114 (1982) (citation omitted) (emphasis added). In *In re Estate of Hock,* this Court continued:

> None of the parties disputes the findings that ... Ruth did not engage in any fraud, bad faith or breach of a fiduciary responsibility. In light of this undisputed finding, the doctrine of constructive trust is inapplicable.

*Id.,* at 1115. In the present case, the trial court's findings do not show that the appellant engaged in any fraud or other wrongdoing, nor do they establish any other grounds for imposing a constructive trust. *See In re Estate of Hock, supra;* Restatement (Second) of Trusts §§ 44 & 45 (1959); 5 A. Scott, *The Law of Trusts,* §§ 461–473 at 3410–53 (1967). In fact, the trial court found specifically that Edith Branscomb "was free of undue influence of the family." As a result, the doctrine of constructive trust is inapplicable and the trial court's imposition of a constructive trust was in error. We therefore reverse the judgment.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.